974 So.2d 1153 (2008)
Macario RINCON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1181.
District Court of Appeal of Florida, Third District.
February 13, 2008.
Macario Rincon, in proper person.
Bill McCollum, Attorney General, and Angel L. Fleming, Assistant Attorney General, for appellee.
Before SHEPHERD, SUAREZ, and LAGOA, JJ.
LAGOA, J.
Defendant, Macario Rincon, appeals an order of the trial court denying a motion to correct illegal sentence and motion to clarify sentence. We affirm in part and reverse in part.
On March 13, 2000, Defendant entered a plea of guilty to second degree murder and three counts of armed robbery. A review of the sentencing plea colloquy shows that Defendant entered a plea for a twenty year sentence to run consecutive to his federal sentence.[1] Defendant's sentencing guidelines scoresheet also indicates that *1154 his state sentence is consecutive to his federal sentence.
Due to a scrivener's error, however, the written sentence indicates that the state sentence will run concurrent to his federal sentence. As a result of the error, Defendant moved for clarification regarding the discrepancy existing between his written sentencing order and his guidelines scoresheet. The trial court denied Defendant's motion and this appeal ensued.
It is well settled that "[w]here there is a difference between the court's oral pronouncement and a written order, the oral pronouncement controls." Catalan v. State, 911 So.2d 203, 204 (Fla. 3d DCA 2005). Accordingly, on remand, the trial court shall conform the Defendant's written sentence to the trial court's oral pronouncement of sentence. Defendant's presence is not required for this ministerial correction. We affirm the trial court's order in all other respects.
Affirmed in part, reversed in part, and case remanded for further proceedings consistent herewith.
NOTES
[1] During the sentencing hearing, the following exchange occurred:

The Court: And of course this sentence will be served consecutive to your federal, the sentence that you are presently serving in federal court. Is that your understanding of the arrangement, sir? Is that what you want to do?
The Defendant: Yes.
* * *
The Court: Okay. And sentence him to 20 years on each count. Each count to run concurrent to each other. However, this sentence will run consecutive to the federal sentence that was imposed in federal case number 197 C as in cat, R as in Robert, 000 35-001. The 20 years state sentence also contains a three year minimum mandatory sentence for the use of a firearm during the robbery.